## GILLETTE v STATE

Ohio Appeals, 2nd Dist, Franklin Co

No 2640. Decided Feb 21, 1936

William H. Hill, Cleveland, and Peter Albeitz, Columbus, for plaintiff in error.

Donald J. Hoskins, Pros. Atty., Columbus, and Ralph J. Bartlett, Asst. Pros. Atty., Columbus, for defendant in error.

**OPINION**

By BODEY, J.

It is claimed in the petition in error that the court erred in overruling the motion for a new trial, that the court erred in its general charge, that the verdict is contrary to law, that the verdict is not sustained by sufficient evidence, that there were other errors occurring at the trial to which exception was duly taken, that the court should have sustained a motion for a directed verdict at the conclusion of the State's case and at the conclusion of the whole trial and that the judgment should have been for the defendant below rather than the State of Ohio.

The main contention of defendant's counsel is that the evidence does not show that the defendant has violated any of the provisions of §4785-203, GC, supra. In submitting the case, counsel argue that the paper writing introduced as "Exhibit 1" is not now and never has been an initiative petition because the same has not been filed with the Secretary of State. Counsel also question whether or not §12380 GC applies to a prosecution such as this.

This latter section is the general section found in our penal statutes covering aiders and abettors, reading as follows:

"Whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

It is our view that this provision covers all prosecutions for infractions of the criminal laws of the State of Ohio and that the same applies equally to violations of the election laws. The fact that certain sections provide specifically for the punishment of those who aid and abet others in election law violations is not proof or logical argument that the general terms of §12380, GC, supra, should not and do not apply to prosecutions instituted under statutes not containing special penalties for aiders and abettors.

We are of the further opinion that under the evidence in this case "Exhibit 1" is an initiative petition within the meaning and sense of §4785-203, GC, supra, although the circulator's affidavit has not been filled out, although there is no proof that it contained any genuine signature, and although it was not submitted for filing to the Secretary of State. If it was not an initiative petition under the Ohio law until the affidavit of the circulator was made or until it was offered for filing in the proper office, then all of those sections providing for punishment of persons who sign the name of another, who sign in the hope of a reward, who sign under intimidation, or who sign or refuse to sign under other stated conditions are of no avail if the petition be not finally used for the intended purpose. If that contention is sound then a person who signs a name other than his own to an initiative petition commits no crime at the time of signing at all. The section would not be violated and the crime would not be complete until the petition was properly filed. Such a construction would lead to an anomalous situation. It is claimed that while the statute intends that the signing of the name of another shall be a crime, still that is not a crime until some other person does something affirmatively, to-wit, files the petition with the duly constituted authority. If such be the law, then a defendant would not be deemed guilty of the crime of signing the wrong name because of the signing but rather because the circulator afterwards filed the petition. Such a construction would defeat the entire purpose of the laws safeguarding the initiative and referendum rights of the people. §4785-203, GC, supra, may as well be repealed if the court is so to construe its meaning. No useful purpose would obtain by leaving it upon our statute books.

It is our opinion that in construing an alleged violation of §4785-203, GC, supra, the court should look to the evidence, the surrounding circumstances of signing and the intent with which the writing was done. No one will deny but that a person does not violate this section in writing his own name or that of another upon a blank initiative petition, if, at the time, he does not intend to have use made of the same as an authentic signature upon that petition. The legal effect of the signing is no different than if the name had been written on any blank piece of paper. However, when a person signs his own name or that of another to a particular paper with the intent of giving effect to that paper, the situation changes. In this case, the evidence shows that the name of Wm. Shoenbeck was written upon "Exhibit 1" by Ruth Phillips under the instructions of the defendant. Under the provisions of §12380, GC, supra, that act of Ruth Phillips was the act of the defendant. Evidence is present in the record which tends to establish that the defendant intended to file these petitions with the Secretary of State. The jury had the right to believe those statements attributed to the defendant as he did not deny them categorically. Therefore, the jury, under this evidence, could reach the conclusion that, when the name of Wm. Schoenbeck was written upon "Exhibit 1", it was the intention of the defendant to have that name accepted as the true signature of Wm. Schoenbeck by the Secretary of State when that petition was presented to him for filing under the law. Since that intention was present as disclosed by this evidence, it is our opinion that the defendant was guilty of violating §4785-203, GC, supra, and that he should have been convicted.

We have read the bill of exceptions and we have carefully examined the alleged errors to which counsel have directed our attention. In our judgment there is no error apparent upon the face of the record and the action of the trial court should be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.